Hon. C. Mark Lawton First Deputy Director Division of the Budget
This is in response to your letter of May 30, 1979, wherein you and the counsel for the State University Construction Fund (the "Fund") have requested an opinion concerning the legality of your proposal to enter into a 1979-1980 Repayment Agreement between the Director of the Budget and the Fund covering $12,802,000 less than the total amount of the first instance appropriations, aggregating $44,751,300, contained in chapter 54, section 6, and chapter 50, section 2 of the Laws of 1979 in the respective amounts of $40,968,000 and $3,783,300.
Chapter 54, section 6, is a first instance appropriation to the Fund "from the capital construction fund, in accordance with the provisions of sections 40-a and 93 of the state finance law." The proposed payments are to be an advance to the Fund for the construction program itemized in the appropriation. The bill provides that the amounts are "interchangeable among the several categories". It directs that the Budget Director shall not issue any certificate of approval of availability authorizing the expenditure of monies appropriated until the State University trustees have entered into an agreement to lease the facilities to be provided by the Fund. Reimbursement of the appropriation is requested "for all money advanced by the State from the appropriation herein authorized not later than the first day of October of each year following the close of the fiscal year in which such advances are expended" and the bill states that the appropriation shall be available for the fiscal year beginning April 1, 1979.
Chapter 50, section 2 is also a first instance appropriation but its text does not expressly subject it to the provisions of section 40-a
of the State Finance Law, although the amounts advanced must be refunded (1958, Opp. Atty. Gen. 126, 1st case).
Section 40-a, subdivision 2 of the State Finance Law provides that no part of any appropriation made in the first instance as an advance shall be available for expenditure before a written agreement has been entered into between the recipient of the appropriation and the Budget Director, which must include the schedule for repayment and meet such other terms and conditions as determined by the Budget Director.
Thus, no money may be advanced without meeting the conditions of the Budget Director, nothing in the appropriation or the law requires that the total amount of the appropriation to the Fund be advanced at one time in the full amount of the appropriation, and no money may be advanced without first entering into a repayment agreement.
Accordingly, it is my opinion that the Repayment Agreement may be negotiated in an amount less than the total appropriation so long as it fully covers the amounts approved by the Budget Director to be advanced under the appropriation. Other repayment agreements will be necessary in the course of the fiscal year in connection with subsequent advances.